# UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    )
    )
                  Plaintiff,   )    Case Number: 8:12-CV-00182-T-27EAJ
    )
v.    )
    )
    )
ASSET ACCEPTANCE, LLC,    )
a Delaware limited liability company,    )
    )
                  Defendant.   )
    )

## CONSENT DECREE

**WHEREAS,** Plaintiff, the United States of America, has commenced this action by filing the Complaint herein; Defendant, Asset Acceptance, LLC, has waived service of the Summons and Complaint; the parties have been represented by the attorneys whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions, without adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from the Complaint to the date of entry of the Decree and without Defendant admitting any of the matters alleged in the Complaint other than jurisdictional facts;

**THEREFORE,** on the joint motion of the Plaintiff and Defendant, it is hereby

**ORDERED, ADJUDGED** and **DECREED** as follows:

## FINDINGS

1.     This Court has jurisdiction of the subject matter and of the parties.

2.     The Complaint states a claim upon which relief may be granted against the Defendant under Sections 5(a), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(A), 53(b), and 56(a); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681u; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.

3.     Venue in this district is proper under 28 U.S.C. §§ 1391(b-c) and 1395(a) and 15 U.S.C. § 53(b).

4.     The activities of the Defendant are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.     For purposes of this Consent Decree ("Decree"), the definitions set forth in the FCRA, 15 U.S.C. § 1681a, and the FDCPA, 15 U.S.C. § 1692a, shall apply.

6.     Defendant has entered into this Decree freely and without coercion.  Defendant further acknowledges that it has read the provisions of this Decree and is prepared to abide by them.

7.     Plaintiff and Defendant, by and through their counsel, have agreed that the entry of this Decree resolves all matters of dispute between them arising from the Complaint in this action, up to the date of entry of this Decree.

8.     Defendant has not admitted any of the allegations of wrongdoing set forth in the Complaint, and entry of this Decree is not an admission of any such allegations of wrongdoing or

violation of law. Nonetheless, Defendant stipulates and agrees to entry of this Decree in order to settle and resolve these disputes.

9.    All parties waive all rights to seek appellate review or otherwise challenge or contest the validity of this Decree. Defendant further waives and releases any claim it may have against the Federal Trade Commission, its employees, representatives, or agents.

10.    Defendant agrees that this Decree does not entitle it to seek or obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 100 Stat. 847, 863-64 (1996), and further waives any right to attorneys' fees that may arise under said provision of law.

11.    This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

12.    Entry of this Decree is in the public interest.

## DEFINITIONS

For purposes of this Decree, the following definitions shall apply:

1.    **"Commission"** or **"FTC"** means the Federal Trade Commission.

2.    **"Defendant"** means Asset Acceptance, LLC, and its successors and assigns.

3.    **"Plaintiff"** means the United States of America.

4.    **"Clearly and prominently"** means:

   a.    that information presented in writing shall be in a type size and location sufficient for an ordinary consumer to read and comprehend it, and shall be disclosed in a manner that would be easily recognizable and understandable in language and syntax to an ordinary

consumer. If the information is contained in a multi-page print document, the disclosure shall appear on the first page; and

      b.     that information presented orally shall be disclosed in a volume, cadence, and syntax sufficient for an ordinary consumer to hear and comprehend.

     5.     **"Debt collection"** means any activity the principal purpose of which is to collect, or attempt to collect, directly or indirectly, debts owed, or asserted to be owed, or due.

     6.     **"Debt"** means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

## ORDER

### I.    CIVIL PENALTY

**IT IS ORDERED** that:

    A.     For a civil penalty for violations of the FCRA and the FDCPA, Defendant shall pay to the Plaintiff, pursuant to Section 621(a) of the FCRA, 15 U.S.C. § 1681s(a), and Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), the amount of two million five hundred thousand dollars ($2,500,000).

    B.     Defendant shall make the payment required by Part A on or before the tenth day following entry of this Decree. Such payment shall be made by electronic fund transfer in accordance with procedures specified by the Office of Consumer Protection Litigation, Civil

Division, United States Department of Justice, Washington, D.C. 20530.

C.     In the event of any default in payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid amount, together with interest, as computed pursuant to 28 U.S.C. § 1961 from the date of default to the date of payment, shall immediately become due and payable.

D.     The judgment amount set forth in Part A represents a civil penalty owed to the United States Government, is not compensation for actual pecuniary loss, and, therefore, is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

E.     Proceedings initiated under this Part are in addition to, and not in lieu of, any other civil or criminal penalties that may be provided by law, including any other proceedings the Plaintiff may initiate to enforce this Decree.

## II.     INJUNCTION AGAINST VIOLATIONS OF THE FTC ACT

**IT IS FURTHER ORDERED** that Defendant, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from taking the following actions:

A.     Making any material misrepresentation, expressly or by implication, to collect or to attempt to collect a debt or to obtain information concerning a consumer; and

B.     Making any material representation, expressly or by implication, that a consumer

Consent Decree, Page 5 of 28

owes a debt or as to the amount of a debt, unless, at the time of making the representation, Defendant has a reasonable basis for making such representation.

*Provided that*, in those instances in which Defendant (a) is required by Part III.A or B of this Decree to conduct an investigation, (b) has done so, and (c) has reasonably concluded that the information on which Defendant relies to collect or attempt to collect the debt is accurate and complete, the conclusions of the investigation shall constitute a reasonable basis.

*Provided further* that, in making representations concerning a debt, Defendant can reasonably rely on information from the original creditors of the debts to substantiate the accuracy and completeness of the debts in the absence of a reasonable indication that such information is incomplete, inaccurate, unreliable, or does not substantiate the claim. A "reasonable indication" shall take into account the reliability and source of the information, but shall not require any of the Part III investigational procedures outlined below, other than taking into account the reliability and source of the information.

## III. DUTY TO CONDUCT A REASONABLE INVESTIGATION

**IT IS FURTHER ORDERED** that Defendant, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from failing to take the following actions:

A.    In each instance in which a consumer, at any time, questions, disputes, or

Consent Decree, Page 6 of 28

challenges the accuracy or completeness of the information on which Defendant is relying to make any representation that the consumer owes a debt or as to the amount of a debt; or a person acting reasonably would consider the information on which Defendant is relying to make any representation regarding either the existence or the amount of a debt to be facially unreliable, materially inaccurate, or missing material information; Defendant shall either

    1.    Close the account, permanently terminate collection efforts with respect to the specific debt, and request deletion of that item of information from the consumer's credit reporting file, or

    2.    Report that item of information as disputed to any consumer reporting agency to which the information was previously reported and conduct and complete a reasonable investigation into the accuracy or completeness of such information. If such disputes are raised during a telephone call with the consumer, Defendant may reasonably provide responsive information or pose reasonable questions to the consumer, in a manner that complies with applicable law, in an effort to resolve any such disputes raised by the consumer. If Defendant does not substantiate that the consumer owes the debt following a reasonable investigation, Defendant shall close the account, permanently terminate collection efforts with respect to the specific debt, and request deletion of that item of information from the consumer's credit reporting file. If Defendant does not complete its reasonable investigation within thirty (30) days from receipt of the dispute, Defendant shall request deletion of that item from the consumer's

credit reporting file and cease collection activities until the reasonable

investigation is complete.

*Provided that*, if as a result of its decision to permanently terminate collection efforts or if following a reasonable investigation, Defendant does not substantiate that the consumer owes the debt, Defendant shall not sell the debt or provide it to any other corporate entity other than the entity from which it acquired the debt.

*Provided further* that nothing in Parts II and III shall require Defendant to conduct an investigation into the accuracy or completeness of the information on which Defendant is relying if Defendant determines that the consumer's question, dispute, or challenge is frivolous or irrelevant or, to the extent no new material evidence or information has been provided, has already been the subject of a reasonable investigation. Notwithstanding any other provision in this Decree, the Decree shall not restrict or prohibit Defendant from complying with any federal or state law requirements, so long as such state law requirements are not inconsistent with federal law.

*Provided further* that if a consumer initiates contact with Defendant by any means, Defendant may respond to the consumer prior to the completion of the investigation.

B.    In each instance where a person acting reasonably would consider the information in a specific portfolio of accounts, on which Defendant is relying to make any representation to a consumer, to be facially unreliable, materially inaccurate, or missing material information, Defendant shall terminate collection efforts on each account in the portfolio until it conducts a reasonable investigation into the accuracy or completeness of the information relating to that

account. The factors that Defendant must consider in evaluating the material accuracy or completeness of the information on which Defendant relies include, but are not limited to, whether 1) other accounts in a particular portfolio have been disputed by consumers for similar reasons at disproportionately high rates; 2) documents from the original creditor (excluding affidavits) are not available; 3) because of age, missing data, or other characteristics, a disproportionately high number of accounts in a particular portfolio have been supplemented by data from third-party sources; or 4) any other information learned about a particular portfolio's credit originator and its methods of doing business calls into question the accuracy or completeness of the information.

*Provided that*, if, following a reasonable investigation, Defendant cannot reasonably verify the accuracy or completeness of the account data in a particular portfolio, Defendant may not sell, or provide to any other corporate entity, the portfolio or individual accounts within the portfolio other than the entity from which it acquired the debt.

C.    For purposes of this Decree, a "reasonable investigation" shall mean an investigation in which Defendant objectively evaluates and weighs the relevant information and circumstances, which may include, among other things:

1.    the reliability of the information on which Defendant relies in collecting or attempting to collect the debt, including the credibility of the source of that information;

2.    the accuracy and completeness of any information from the credit originator, taking into account the reliability and source of the information;

3. the accuracy and completeness of any information Defendant has obtained or may obtain from third party sources, including data aggregators, brokers or consumer reporting agencies;

4. the strength and credibility of any information provided by the consumer questioning, disputing, or challenging the accuracy or completeness of such information or otherwise obtained by Defendant and the responsiveness of the consumer to reasonable requests for information;

5. the nature and frequency of disputes received by Defendant about accounts within the same portfolio;

6. with respect to information obtained from the consumer, the methods used by Defendant to collect the information, which shall be in compliance with applicable laws; and

7. any other reliable information that confirms, contradicts, or calls into question the accuracy or completeness of such information.

D. Subsections A, B, and C of this Part do not affect the Defendant's obligations to comply with all applicable provisions of the FDCPA or FCRA. A "dispute" under this Part III does not necessarily constitute a "dispute" for FDCPA or FCRA purposes.

## IV. REQUIRED DISCLOSURES

**IT IS FURTHER ORDERED** that Defendant, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or

through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from failing to take the following actions:

A.     At the time of Defendant's initial communication with a consumer in connection with the collection of a debt, for any debt that the Defendant knows or should know may be beyond the applicable statute of limitations, Defendant shall make the disclosure(s) set forth in Part IV.D, below, in its validation notice or other written communication containing the information required by Section 809 of the FDCPA, 15 U.S.C. § 1692g.

B.     Subsequent to its initial communication with a consumer, for any debt where Defendant comes into possession of information from which the Defendant knows or should know that the debt has passed the applicable statute of limitations, Defendant shall, in its next communication with the consumer, whether oral or written, make the disclosure(s) set forth in Part IV.D, below.

*Provided that* Defendant may satisfy this provision by making the disclosure(s) set forth in Part IV.D, below, on or before the date that the debt has passed the applicable statute of limitations.

C.     In addition to making the applicable disclosure(s) required by Part IV.A or IV.B, above, in any subsequent communication in connection with collecting a debt, Defendant shall make the disclosure(s) set forth in Part IV.D, below, if failure to do so would be likely to mislead a consumer acting reasonably under the circumstances about the Defendant's ability or intent to take legal action to collect the debt and the consumer's rights in connection with such legal

action. Factors to consider when assessing whether the net impression of the communication is likely misleading to a consumer acting reasonably under the circumstances include, but are not limited to: 1) the amount of time that has lapsed since Defendant last communicated with the consumer; 2) the form of the Defendant's communication with the consumer; 3) the content of Defendant's communication with the consumer; 4) the context of Defendant's communication with the consumer; and 5) any information learned from the consumer.

*Provided that,* for purpose of this provision, if one-hundred eighty (180) days or more has elapsed since Defendant previously communicated with the consumer in connection with collecting a debt, then there shall exist a rebuttable presumption that failure to make the disclosure(s) would be likely to mislead a consumer acting reasonably under the circumstances about the Defendant's ability or intent to take legal action to collect the debt and the consumer's rights in connection with such legal action.

*Provided further that*, after one (1) year has lapsed after the date of entry of this Order, any competent and reliable evidence (including appropriate and adequate reports, studies, surveys, or other extrinsic evidence) relating to whether failure to make a subsequent disclosure(s) required under Part IV.C. of this Order is likely to mislead a consumer acting reasonably under the circumstances about the Defendant's ability or intent to take legal action to collect the debt and the consumer's rights in connection with such legal action shall constitute a change in circumstances, providing a party good cause to file a motion under Fed. R. Civ. P. 60(b) to modify or amend the terms of Part IV.C.

D.     As required by Parts IV.A, B, and C, above, Defendant shall make the following

disclosure(s), clearly and prominently, as applicable:

1. When collecting on debt where the debt is not past the date for obsolescence provided for in Section 605(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681c:

- The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we [Asset Acceptance, LLC], may [continue to] report it to the credit reporting agencies [as unpaid].

2. When collecting on debt where the debt is passed the date for obsolescence provided for in Section 605(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681c:

- The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency.

E. Defendant shall not make any representation or statement, or take any other action that interferes with, detracts from, contradicts, or otherwise undermines the disclosures required in Part IV.D, above.

F. Defendant shall be deemed to have complied with the disclosure requirements of Part IV A, B, and C if Defendant makes a disclosure to consumers in a specific state, county, or city that 1) is required by the laws or regulations of that jurisdiction, 2) complies with those laws or regulations, and 3) is substantially similar to the disclosure(s) required in Part IV.D, above.

G.     For any debt where the Defendant has provided the applicable disclosure(s) required by Parts IV.A, B, or C to the consumer,

    1.     Defendant shall not initiate any arbitration or legal action to recover on such debt;

    2.     In selling, transferring, or assigning such a debt, the Defendant shall not sell, transfer, or assign with the debt any right to commence any arbitration or legal action to recover on the debt.

    3.     The Defendant shall include in all contracts to sell, transfer, or assign such debt a provision that contains a clear and prominent notification to the buyer, transferee, or assignee that:

        a.     Defendant is not selling, transferring, or assigning all of its rights to collect the debt; and

        b.     Defendant is expressly withholding from the sale, transfer, or assignment any rights it may have to initiate any arbitration or legal action to recover on the debt.

    4.     The Defendant shall provide a copy of this Order to any person to whom Defendant sells, transfers, or assigns any such debt.

H.     Nothing in this Part shall be construed to supersede or be in lieu of any other applicable requirements, including but not limited to Section 809 of the FDCPA, or any state or local statutes.

I.     Defendant shall be responsible for the requirements in Section IV forty-five (45)

days after entry of this Decree.

## V.     FURNISHING NEGATIVE INFORMATION TO CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that Defendant, and its officers, agents, servants, employees, and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from failing to provide, to any consumer about whom Defendant reports negative information to any consumer reporting agency, a written notice no later than thirty (30) days after furnishing such negative information. For purposes of this Part, Defendant shall no longer be deemed to have provided written notice if the notice is returned to Defendant as undeliverable.

## VI.     INJUNCTION AGAINST FCRA VIOLATIONS

**IT IS FURTHER ORDERED** that Defendant, and its officers, agents, servants, employees and all persons or entities in active concert or participation with any of them, who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, are hereby permanently restrained and enjoined from taking the following actions:

A.     Furnishing information relating to any consumer to any consumer reporting agency in violation of Section 623(a)(1) of the FCRA, 15 U.S.C. § 1681s-2(a)(1).

B.     Failing to investigate consumer disputes, as required by Section 623(b) of the

FCRA, 15 U.S.C. § 1681s-2(b), when consumer reporting agencies refer disputes to it pursuant to Section 611(a)(2), 15 U.S.C. § 1681i(a)(2).

     C.      Failing to investigate consumer disputes received directly from consumers, as required by the Furnisher Rule, 16 C.F.R. Part 660.·

     D.      Failing to comply in any other respect with the FCRA.

## VII.   INJUNCTION AGAINST FDCPA VIOLATIONS

     **IT IS FURTHER ORDERED** that Defendant, and each of its officers,.agents, servants, employees and all persons or entities in active concert or participation with any of them who receive actual notice of this Decree by personal service or otherwise, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, or other device, in connection with collecting or attempting to collect debts, are hereby permanently restrained and enjoined from taking the following actions:

     A.      Communicating more than once with persons other than the consumer for the purpose of obtaining location information about the consumer without the person's consent or a reasonable belief that the earlier response of the person was erroneous or incomplete and that the person now has correct or complete location information, in violation of Section 804(3) of the FDCPA, 15 U.S.C. § 1692b(3);

     B.      Except as provided in Section 804 of the FDCPA, 15 U.S.C. § 1692b(3), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, communicating in connection with the collection of any debt with any person

other than the consumer, his or her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in violation of Section 805(b) of the FDCPA, 15 U.S.C. § 1692c(b). For the purpose of this Part VII, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator;

C.    Using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

> 1.    Using a false representation concerning the character, amount, or legal status of any debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); or
>
> 2.    Communicating credit information to consumer reporting agencies that Defendant knows, or should know, to be false, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8);

D.    Continuing to collect on any debt without obtaining and providing to the consumer verification of the debt when the consumer has notified Defendant in writing within the thirty (30) day period described in Section 809(a) of the FDCPA, 15 U.S.C. §1692g(a), that the debt, or any portion thereof, is disputed, as prohibited by Section 809(b) of the FDCPA, 15 U.S.C. §1692g(b); and

E.    Failing to comply in any other respect with the FDCPA, as attached and as hereafter amended.

## VIII. NOTICE REQUIREMENTS

**IT IS FURTHER ORDERED** that:

A.    For a period of five (5) years from the date of entry of this Decree, Defendant, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, agent, servant, officer, employee, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall make the following disclosure clearly and prominently on each written collection communication that is sent to a consumer for the purpose of collecting a debt:

> Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.
>
> If you have a complaint about the way we are collecting this debt, please write to us at [current physical address], email us at [current email address], or call us toll-free at [current phone number] between 9:00 A.M. and 5:00 P.M. Eastern Standard Time, Monday - Friday.
>
> The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

The above disclosure shall be given in the language(s) that appears in such communications sent

to consumers. Defendant shall be responsible for the requirements in Part VIII.A forty-five (45) days after entry of this Decree.

B.     Defendant, whether acting directly or through any business entity, corporation, subsidiary, division, affiliate, agent, servant, officer, employee, or other device, in connection with acting as a "debt collector" in the collection of a "debt" from a "consumer," as those terms are defined in Section 803(6), (5), and (3), respectively, of the FDCPA, 15 U.S.C. § 1692a(6), (5), and (3), shall provide a copy of the following notice to all officers, servants, agents, and · employees having responsibility with respect to the collection of consumer debts, within thirty (30) days of the date of entry of this Decree, and to each officer, servant, agent, and employee hired for a period of five (5) years after that date, no later than the time the officer, servant, agent, and employee assumes responsibility with respect to the collection of such debts, and shall secure from each such person, within thirty (30) days of delivery, a signed and dated statement acknowledging receipt of a copy of the notice:

> Debt collectors must comply with the federal Fair Debt Collection Practices Act, which limits our activities in trying to collect money from consumers.
>
> In particular, Section 804 of the Act says that you may not contact any person other than the consumer for the purpose of acquiring location information about the consumer more than once unless you have reason to believe that the earlier response of the person was incomplete and that such person now has corrected or complete location information.
>
> Also, Section 805 of the Act says that you may not contact a consumer at work if you know or should know it is inconvenient for the consumer, and that you may not communicate with any person other than the consenter in connection with the collection of

a debt, for any purpose other than to obtain location information about the consumer.

In addition, Section 806 of that Act states that you may not engage in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt, including, but not limited to, using language the natural consequence of which is to abuse the hearer or reader.

Furthermore, Section 807 of that Act prohibits the use of any false, deceptive or misleading representation or means in connection with the collection of any debt, including, but not limited to, communicating or threatening to communicate to a consumer reporting agency information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

**Individual debt collectors may be financially liable for their violations of the Act.**

*Provided that* for purposes of compliance with Part VIII.B of this Decree, the signature

required may be in the form of an electronic signature.

## IX. DISTRIBUTION OF CONSENT DECREE, NOTICE TO FURNISHERS OF INFORMATION: OBLIGATIONS OF FURNISHERS UNDER THE FCRA, AND THE FDCPA BY DEFENDANT

### IT IS FURTHER ORDERED that:

For a period of three (3) years from the date of entry of this Decree, Defendant shall

deliver copies of the Decree, the FDCPA, and the FCRA as directed below:

A.     Defendant shall provide copies of this Decree, Notice to Furnishers of

Information: Obligations of Furnishers Under the FCRA, 16 C.F.R. Part 698, Appendix G, and

the FDCPA to all of its principals, officers, directors, and managers. Defendant must also deliver

copies of this Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the

FCRA, 16 C.F.R. Part 698, Appendix G, and the FDCPA to all of its employees, agents and representatives who engage in conduct related to the subject matter of this Decree. For current personnel, delivery shall be within five (5) days of service of this Decree upon Defendant. For new personnel, delivery shall occur prior to their assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Part titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.     Defendant must secure a signed and dated statement acknowledging receipt of this . . . Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA, 16 C.F.R. Part 698, Appendix G, and the FDCPA, within thirty (30) days of delivery, from all persons receiving copies of such documents, pursuant to this Part.

*Provided that* for purposes of compliance with Part. IX.B of this Decree, the signature required may be in the form of an electronic signature.

## X.     COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Decree:

A.     Within thirty (30) days of receipt of written notice from a representative of the Commission, Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, the Commission is authorized to use all other lawful means, including

but not limited to:

    1.    Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69; and

    2.    Having its representatives pose as consumers and suppliers to Defendant, their employees, or any other entity managed or controlled in whole or in part by Defendant, without the necessity of identification or prior notice; and

C.    Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Decree. The person interviewed may have counsel present.

***Provided, however***, that nothing in this Decree shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XI.   COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Decree may be monitored:

A.    For a period of four (4) years from the date of entry of this Decree, Defendant shall notify the Commission of any changes in its structure or the structure of any business entity that Defendant directly or indirectly controls, or has an ownership interest in, that may affect

compliance obligations arising under this Decree, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Decree; or a change in the business name or address, at least thirty (30) days prior to such change.

*Provided that*, with respect to any such change in the business entity about which Defendant learns less than thirty (30) days prior to the date such action is to take place, . Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.     One hundred eighty (180) days after the date of entry of this Decree and annually thereafter for a period of four (4) years, Defendant shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Decree. This report shall include, but not be limited to:

> 1.     A copy of each acknowledgment of receipt of employee notice obtained pursuant to Part VIII.B of this Decree:
>
> 2.     A copy of each acknowledgment of receipt of this Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA, 16 C.F.R. Part 698, Appendix G, and FDCPA obtained pursuant to Section IX.B of this Decree; and
>
> 3.     Any other changes required to be reported pursuant to subsection A of this Part.

C. Defendant shall notify the Commission of the filing of a bankruptcy petition by Defendant within fifteen (15) days of filing.

D. For purposes of this Decree, Defendant shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Decree to the Commission, to the following address:

ASSOCIATE DIRECTOR FOR ENFORCEMENT
BUREAU OF CONSUMER PROTECTION
FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20580

RE: *United States v. Asset Acceptance, L.L.C.,* Civil Action No.

*Provided that,* in lieu of overnight courier, Defendant may send such reports or notifications by first-class mail, but only if Defendant contemporaneously sends an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Decree, the Commission is authorized to communicate directly with Defendant.

## XII. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of seven (7) years from the date of entry of this Decree, Defendant, for any of its businesses for which the primary activity is the collection of debts, is hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the revenues generated in connection with the collection of debts, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for that person's termination, if applicable;

C. Consumer files containing the names, addresses, phone numbers, dollar amounts of debt owed, records of collection activity, and amounts collected;

D. For every consumer complaint, whether received directly, indirectly, or through a third party, records that include:

　　　1. Any complaint and the date received, and the nature of the complaint as reflected in any notes, logs, or memoranda, including a description of the conduct alleged; and

　　　2. The basis of the complaint, including the names of any debt collectors or supervisors complained about; the nature of any investigation conducted concerning the validity of any complaint; all documents relating to the disposition of the complaint, including records of all contacts with the consumer, Defendant's response to the complaint and the response date, whether the complaint was resolved, the date of resolution; and any action taken to correct the conduct complained about;

E. Copies of all scripts, training materials, form letters and emails, or other materials used in connection with communicating to consumers;

F. Copies of all advertisements and other marketing materials; and

G.     All records and documents necessary to demonstrate full compliance with each provision of this Decree, including, but not limited to, copies of acknowledgments of receipt of notices given to employees, required by Part VIII.B, copies of acknowledgments of receipt of this Decree, Notice to Furnishers of Information: Obligations of Furnishers Under the FCRA, 16 C.F.R. Part 698, Appendix G, and the FDCPA, required by Part IX.B, and all reports submitted to the FTC pursuant to Part XI.

## XIII.  ACKNOWLEDGMENT OF RECEIPT OF CONSENT DECREE

**IT IS FURTHER ORDERED** that Defendant, within five (5) business of receipt of this Decree as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Decree.

## XIV.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of construction, modification, and enforcement of this Decree.

**JUDGMENT IS THEREFORE ENTERED** in favor of Plaintiff and against Defendant, pursuant to all the terms and conditions recited above.

DATED: January 31st, 2012          _____
                                   UNITED STATES DISTRICT JUDGE

**FOR PLAINTIFF UNITED STATES OF AMERICA:**

TONY WEST
Assistant Attorney General

MAAME EWUSI-MENSAH FRIMPONG
Acting Deputy Assistant Attorney General

MICHAEL S. BLUME
Director

KENNETH L. JOST
Deputy Director
Consumer Protection Branch

SANG H. LEE
ADRIENNE E. FOWLER
Trial Attorneys
Consumer Protection Branch
U.S. Department of Justice
PO Box 386
Washington, DC 20044-0386
Telephone: 202-616-0219
Fax: 202-514-8742
Sang.H.Lee@usdoj.gov
Adrienne.E.Fowler@usdoj.gov

Dated: 1/30/12

**FOR THE UNITED STATES
FEDERAL TRADE COMMISSION:**

ROBERT J. SCHROEDER, DIRECTOR
Northwest Region
TRACY S. THORLEIFSON
JULIE MAYER
Attorneys
Federal Trade Commission
Northwest Region
915 Second Ave., Suite 2896
Seattle, WA 98174
Telephone: 206-220-630
Fax: 206-220-6366
tthorleifson@ftc.gov
jmayer@ftc.gov

Dated: 1/30/12

**FOR THE DEFENDANT:**

*E. 2. Herbert*

EDWIN L. HERBERT
Vice President-General Counsel
Asset Acceptance, LLC
28405 Van Dyke
Warren, MI 48093
Telephone: 586-446-1782
eherbert@assetacceptance.com

**COUNSEL FOR DEFENDANT:**

*William Macleod*

WILLIAM C. MACLEOD
Kelley Drye & Warren LLP
Washington Harbour, Suite 400, 3050 K Street, NW
Washington, D.C. 20007
Telephone: (202) 342-8811
wmacleod@kelleydrye.com

Dated: 1/30/12